## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Miralis Bermúdez Rodríguez, Customs & Border Protection Enforcement Officer, do hereby make the following statement:

### AGENT BACKROUND

1. That I am a U.S. Customs and Border Protection Enforcement Officer with the Department of Homeland Security, assigned to investigate Immigration Law violations and Criminal Laws of the United States at the Luis Muñoz Marín International Airport, Carolina, Puerto Rico. As an Enforcement Officer my duties and responsibilities include the enforcement of the Immigration and Nationality Act (INA). Furthermore, as an Enforcement Officer I am assigned to conduct investigations of criminal violations of the immigration laws of the United States, including violations of Title 8 and Title 18 of the United States Code, and to ensure the removal of those aliens that have been found to be in the United States in violation of the immigration laws.

2. Because this Affidavit is submitted for a limited purpose, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

### PROBABLE CAUSE

3. On June 16, 2025, at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico, Reyvi Ariel FELIZ TERRERO, a citizen of Dominican Republic, arrived from the Dominican Republic onboard JetBlue flight number B6 1638 as a visitor for pleasure.

4. During his application for admission into the United States, Reyvi Ariel FELIZ TERRERO presented a Dominican Republic passport number RDXXXX259 bearing his name and his photograph, and an attached United States Visa, on page thirty-seven number VXXX978, also bearing his information and his photograph.

5. While being submitted for primary inspection FELIZ TERRERO was inconsistent in answering questions front the officer, he failed to maintain eye contact with the officer, nervousness and shaking hands, he was referred to secondary inspection for a more thorough inspection.

6. Upon the secondary inspection process, Reyvi Ariel FELIZ TERRERO's belongings and his person were searched.

7. In Reyvi Ariel FELIZ TERRERO's wallet, officers found, what appears to be a counterfeit lawful permanent resident card and social security card, all bearing his photograph and under his name. System checks revealed that the lawful permanent residence number belong to a previously removed Mexican citizen and not Reyvi Ariel FELIZ TERRERO. Also, the social security card number belong to a United States citizen, a woman resident of Missouri, U.S..

8. CBP officers proceed to interview Reyvi Ariel FELIZ TERRERO after having read his "MIRANDA" rights, he intelligently decided to waive his rights. After this, Reyvi Ariel FELIZ TERRERO was placed under oath and stated that his true name is Reyvi Ariel FELIZ TERRERO, a national and citizen of the Dominican Republic.

9. During the interview Reyvi Ariel FELIZ TERRERO admitted he obtained the documents in Hartford, Connecticut, by paying an approximate amount of $80.00 USD to an unknown person. Reyvi Ariel FELIZ TERRERO stated that his motive to obtain these fraudulent documents was to seek employment in the United States.

10. System checks revealed that Reyvi Ariel FELIZ TERRERO is a citizen and national of the Dominican Republic and has no application pending to be a lawful permanent resident or any requests for a work permit with the Citizenship and Immigration Services.

11. Based on the above facts, I have probable cause to believe that Reyvi Ariel FELIZ TERRERO has violated of 18 USC 1546 (a), possession of counterfeit immigration documents.

_____
Miralis Bermúdez Rodríguez
CBP Enforcement Officer

**SUBSCRIBED AND SWORN TO ME PUERSUANT FRCP 4.1 AT** 8:34 AM **BY TELEPHONE THIS** 17th **DAY OF JUNE 2025**

_____
Hon. Héctor Ramos Vega
US Magistrate Judge
District of Puerto Rico
San Juan, Puerto Rico